IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER RONALD ARD,
    Petitioner,

vs.                                          Case No.: 3:13cv21/RV/EMT

MICHAEL D. CREWS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 17). Petitioner filed a response in opposition to the motion (doc. 21).

        The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.       BACKGROUND AND PROCEDURAL HISTORY

        The procedural background of this case is established by the state court record (doc. 17).[1] Petitioner was charged in the Circuit Court in and for Santa Rosa County, Florida, Case No. 2006-CF-1141, with one count of second degree murder with a weapon (Count 1) and one count of third degree

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 17), unless otherwise indicated. If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

murder with a weapon (Count 2) (Ex. A).  Following a jury trial, Petitioner was convicted of manslaughter (a lesser included offense of second degree murder) and third degree murder with a weapon (Ex. C).  At Petitioner's sentencing on July 10, 2007, the State requested that the court sentence Petitioner on only the third degree murder with a weapon count and hold in abeyance any sentencing on the manslaughter count (Ex. D at 55–59).  The court adjudicated Petitioner guilty of third degree murder with a weapon and sentenced him to thirty (30) years of imprisonment, with pre-sentence jail credit of 341 days; and the court held in abeyance an adjudication and sentence on the manslaughter count (Exs. D, E).  Petitioner filed a notice of appeal on July 13, 2007 (Ex. E at 35). He also filed a motion to correct sentencing error, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Ex. G).  On January 8, 2008, the court directed the clerk of court to clarify the written judgment "to include the following notation along with the box and line marked 'adjudicated guilty':  'Only as to Count II; no action on Count I as indicated above.'"  (Ex. F at 2).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D07-3812 (Ex. H).  Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (*id.*).  The First DCA affirmed the judgment per curiam without written opinion on November 5, 2008, with the mandate issuing December 2, 2008 (Exs. I, J).  Ard v. State, 995 So. 2d 499 (Fla. 1st DCA 2008) (Table).

On October 19, 2009, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D09-5398, alleging ineffective assistance of appellate counsel (Ex. K).  The First DCA denied the petition on the merits on November 12, 2009 (Ex. L).  Ard v. State, 28 So. 3d 47 (Fla. 1st DCA 2009) (Table).  The court denied Petitioner's motion for rehearing on February 12, 2010 (Ex. N).

On October 25, 2009, while the habeas petition was pending in the First DCA, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. O at 1–22).  The state circuit court denied the motion in part and set a limited evidentiary hearing on two claims (Ex. P at 1–10, Ex. S).  The court initially denied Petitioner's request for appointment of counsel, but subsequently appointed counsel (Exs. S, T).  Following the evidentiary hearing (Ex. U), the state circuit court denied Petitioner's remaining grounds for relief (Ex. V). Petitioner appealed to the First DCA, Case No. 1D12-569 (Ex. W).  The First DCA affirmed the decision per curiam

without written opinion on June 25, 2012, with the mandate issuing August 28, 2012 (Ex. Z). Ard v. State, 94 So. 3d 584 (Fla. 1st DCA 2012) (Table).

Petitioner commenced this federal habeas action on January 9, 2013 (doc. 1).

II.  ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1). The parties do no dispute that the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (doc. 1 at 14; doc. 17 at 5).[2]

Under § 2244(d)(1)(A), Petitioner's conviction became final on February 4, 2009, upon expiration of the 90-day period in which Petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court.[3] The statute of limitations began to run on February 5, 2009, the

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

[3] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the 90-day period expired on February

day after the 90-day period expired.  *See* Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1283–84 (11th Cir. 2007) (citing Fed. R. Civ. P. 6(a)); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).  Petitioner had one year from that date, or until February 5, 2010, to file his § 2254 petition.  *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira, 494 F.3d at 1289 n.1).  Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  Starting on February 5, 2009, the federal limitations period ran for **256 days** until Petitioner filed his state habeas petition on October 19, 2009.  While that post-conviction application was pending, he filed another post-conviction application (his Rule 3.850 motion), which was also a tolling application.  That motion was pending until August 28, 2012, the date of the First DCA's mandate affirming the lower court's decision denying the motion.  *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).  The limitations period expired **109 days** later, on December 16, 2012 (**256 days** + **109 days** = **365 days**).  Petitioner's federal habeas petition, filed January 9, 2013, was thus untimely.

Petitioner argues he should be excused from the time bar, because the state court did not appoint counsel in the Rule 3.850 proceeding (doc. 21 at 2).  He cites Martinez v. Ryan, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) in support of his argument (*id.*).  In Martinez, the Supreme Court addressed whether ineffective assistance of counsel in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding.  The Martinez Court, modifying the Court's prior holding in Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) that an attorney's ignorance or

---

4, 2009.

inadvertence in a post-conviction proceeding does not qualify as cause to excuse a procedural default, recognized a narrow exception for ineffective assistance of counsel at initial-review collateral proceedings, deciding that ineffective assistance of counsel during the initial-collateral review stage may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. *Id.* at 1315. The Court held "where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. Here, Petitioner had counsel in the Rule 3.850 proceeding (*see* Exs. T, U). Further, he does not allege his counsel in that proceeding was ineffective; nor does he allege facts suggesting the late filing of his federal petition was caused by any action or inaction of his post-conviction counsel. Therefore, Martinez affords Petitioner no relief from the AEDPA's time bar.

III.     CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.     That Respondent's motion to dismiss (doc. 17) be **GRANTED**, and the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

2.     That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 25<u>th</u> day of November 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**